UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **Stephanie Taillon** | **CIVIL ACTION** |
| VERSUS | NO. 22-2129 |
| The City of New Orleans | SECTION "A"(1) |

## ORDER AND REASONS

Before the Court are the Defendant's **First Motion to Dismiss (Rec. Doc. 5)** and **Motion to Dismiss for Lack of Jurisdiction (Rec. Doc. 18)** both filed by Defendant the City of New Orleans. The motions are submitted on the briefs without oral arguments. For the reasons that follow, both motions are DENIED.

### Factual and Procedural History

On August 19, 2020, NOPD officials received an anonymous complaint alleging that sometime in July of 2020 Sergeant Stephanie Taillon (the Plaintiff) walked up behind another employee and made a humping motion with her buttocks as the other employee was bent over her desk. On August 21, 2020, while an investigation ensued about the alleged conduct, the Plaintiff was moved from her desk job to the Seventh District. Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on May 5, 2021, alleging sex discrimination, particularly that she was being investigated for sexual harassment while ten other male officers were given less harsh punishment or were not investigated at all. On April 12, 2022, the United States EEOC granted the Plaintiff a Notice of Right to Sue for the alleged sex discrimination. On July 11, 2022, the Plaintiff filed this lawsuit alleging the sex discrimination she listed in her EEOC complaint, as well as racial discrimination and retaliation claims that were not in her original EEOC complaint.

The Defendant filed this set of motions on September 9, 2022, claiming that Plaintiff's race and retaliation claims should be dismissed for lack jurisdiction because the Plaintiff had yet to receive a Right to Sue Letter from the EEOC for those claims. On October 3, 2022, the Plaintiff amended her complaint in this suit and on the same day filed a new charge with the EEOC alleging the racial discrimination and retaliation claims she had referenced in her original complaint with this Court. The racial discrimination and retaliation claims do not relate to the same conduct as the sex discrimination claims, but rather are alleged to have occurred in the fallout of the Plaintiff's employment with the NOPD. It was not until November 18, 2022, after much briefing by both parties, that the Plaintiff finally published her Right to Sue Letter for the racial discrimination and retaliation claims to Defense Counsel and this Court.

**Legal Standard**

FRCP 12(b)(6) permits a court to dismiss a complaint when a plaintiff has failed to state a claim for which relief can be granted. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face. *Iqbal v. Ashcroft*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual matter contained in the complaint must allege actual facts, not mere legal conclusions portrayed as facts. *Id.* at 667 Additionally, the factual allegations of a complaint must state a plausible claim for relief. *Id.* A complaint states a "plausible claim for relief" when the factual allegations contained therein, taken as true, necessarily demonstrate actual misconduct on the part of the defendant, not a "mere possibility of misconduct." *Id.*; see also *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir.1986). The Court must not look beyond the four corners of the pleadings to determine whether any relief should be granted. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). In a 12(b)(6) analysis, the Court must view the facts in a light most favorable

to the Plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). Accordingly, the Court must not wage into a fact-intensive mission, meant for a stage later in the litigation process.

Here, the issue is whether the Plaintiff's race discrimination and retaliation claims should be dismissed for lack of subject matter jurisdiction because the Plaintiff did not obtain a Right to Sue Letter from the EEOC prior to filing and amending her complaint in this lawsuit, but later obtained the document during the parties' motion practice.

Federal Courts are Courts of limited jurisdiction. *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012).   Unless conferred by statute, Federal Courts lack the jurisdiction necessary to adjudicate claims. *Id.*   A motion to dismiss for lack of subject matter jurisdiction is analyzed under a standard that seeks to determine whether a complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Fed. R. Civ. P. 12(b)(1)*. *Signal Mut. Indem. Ass'n, Ltd. v. Asbestos Corp., Ltd.*, 373 F. Supp. 3d 679 (M.D. La. 2017).   There is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court*." Roby v. State Farm Fire & Cas. Co.*, 464 F.Supp.2d 572, 575 (E.D.La.2006). The remedy for failure to satisfy subject matter jurisdiction is dismissal of all the claims.   *See Arbaugh v. Y & H Corp.*, 546 U.S. 500; 126 S.Ct. 1235, 1237; 163 L.Ed.2d 1097 (2006).

Prior to pursuing a Title VII claim in federal court, claimants must first exhaust the available administrative remedies. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir.2002).   Title VII requires complainants to file a charge within 180 days with the EEOC after the alleged unlawful employment practice occurred. *42 U.S.C. § 2000e–5(e)(1)*. The timely filing of a charge with the EEOC is a prerequisite to maintaining a Title VII action. *See United Air Lines,*

3

*Inc. v. Evans*, 431 U.S. 553, 555 n. 4, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977); *Price v. Choctaw Glove & Safety Co., Inc.*, 459 F.3d 595, 598 (5th Cir.2006). Once the EEOC has issued a Right to Sue Letter, the complainant has 90 days in which to file a Title VII action in federal court. *Id.*

It is longstanding Fifth Circuit Court of Appeals precedent that the receipt of a Right to Sue Letter after the commencement of a Title VII lawsuit, but while the lawsuit is still pending, satisfies the precondition that a plaintiff exhausts her statutory administrative remedy under Title VII. *Pinkard v. Pullman-Standard, a Div. of Pullman, Inc.*, 678 F.2d 1211 (5th Cir. 1982). Barring a plaintiff who had received such a letter from proceeding in federal court "would be an extreme sanction". *Id*. at 1218.

**Analysis**

In the present motions, the Defendant moves for this Court to dismiss all the Plaintiff's claims due to lack of subject matter jurisdiction and failing to state a claim to which relief may be granted. In doing so, the Defendant asks the Court to bar the Plaintiff from a chance to litigate her claims in Federal Court.

First addressing the proper subject matter jurisdiction for this case, the Court finds that the claims established have satisfied the appropriate exhaustion of the administrative services necessary to file a claim in Federal Court. Following longstanding Fifth Circuit Court of Appeals precedent, receipt of a Right to Sue letter after the commencement of this Title VII claim, but while the lawsuit is still pending satisfies the precondition that a plaintiff exhausts her statutory administrative remedies. *Id*. As the Fifth Circuit reasoned in *Pinkard* and this Court agrees, a complete bar of a plaintiff who had subsequently exhausted her administrative remedies would be extreme. *Id*. at 1218. Here, the Plaintiff originally filed this lawsuit claiming sex discrimination on July 11, 2022, after having received a Right to Sue letter from the EEOC. Within her lawsuit

the Plaintiff alleged not only sex discrimination but additional claims of race discrimination and retaliation for which she had not previously initiated a complaint to the EEOC.1 The Defendant subsequently moved to the dismiss those claims on the basis that the Plaintiff had not exhausted her administrative services, and that she needed to obtain the necessary Right to Sue Letter from the EEOC on November 18, 2022. As the Plaintiff has since followed the appropriate steps to pursue all of her claims, this Court declines to deprive her of her opportunity to litigate them. Accordingly, the Court asserts subject matter jurisdiction over all of Plaintiff's claims and the Motion to Dismiss for Lack of Jurisdiction (Rec. Doc. 18) is DENIED.

Secondly, the Defendant moves to dismiss all of Plaintiff's claims because they allegedly fail to state a claim for which relief can be granted. In doing so, the Defendant argues that because the Plaintiff was being investigated for sexual battery, the facts cannot support a finding to which relief can be granted on all of her claims. The Court disagrees with such an early determination of the facts, with the scant evidence at this point in discovery. The Court must view the evidence in the light most favorable to the Plaintiff. In a 12b(6) analysis, the Court declines to have a premature pseudo-motion for summary judgment determination, and instead must evaluate if the Plaintiff's claims if taken as true can lead to relief. Here, the Court is convinced that Plaintiff has stated claims for which relief can be granted and the Defendant's Motion to Dismiss (Rec. Doc. 5) is DENIED.

    **ACCORDINGLY;**

    **IT IS ORDERED** that the Defendant's **Motion to Dismiss (Rec. Doc. 5)** is **DENIED**.

    **IT IS FURTHER ORDERED** that the Defendant's **Motion to Dismiss for Lack of Jurisdiction (Rec. Doc. 18)** is **DENIED**.

---

1 Despite Plaintiff's Counsel's assertions otherwise to the Court and Opposing Counsel.

New Orleans, Louisiana, this 2nd day of May 2023.

_____
UNITED STATES DISTRICT JUDGE